United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40490
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOSE GUADALUPE GARCIA-GONZALEZ,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-1064-ALL
--------------------

Before SMITH, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

     Jose Guadalupe Garcia-Gonzalez appeals his guilty-plea

conviction and sentence for being unlawfully present in the

United States after deportation without consent of the Attorney

General or the Secretary of Homeland Security.  He argues that

the district court erred in enhancing his sentence based on his

Texas prior conviction for kidnapping under U.S.S.G. § 2L1.2.

Because he did not raise this issue in the district court, review

is limited to plain error.  See United States v. Garcia-Mendez,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

420 F.3d 454, 456 (5th Cir. 2005).  Under § 2L1.2(b)(1)(A)(ii), a defendant's base offense level is increased by 16 levels if he was previously deported after being convicted of a crime of violence.  Kidnapping is one of the enumerated offenses listed in the application notes to § 2L1.2 as a crime of violence. § 2L1.2, comment. (n.1(B)(iii)).  A prior conviction will qualify as a crime of violence if it is specifically enumerated in the commentary definition, regardless of whether it has the use of force as an element.  United States v. Izaguirre-Flores, 405 F.3d 270, 273-75 (5th Cir.), cert. denied, 126 S. Ct. 253 (2005).  We use a "common sense approach" to determine whether a defendant's offense qualifies as an offense enumerated in § 2L1.2, comment. (n.1(B)(iii)).  Id.

Garcia-Gonzalez has not shown that the district court's increase in his offense level based on his prior Texas kidnapping conviction pursuant to § 2L1.2 was a "clear or obvious" error. Under Texas law, a person commits the offense of kidnapping if he "intentionally or knowingly abducts another person."  TEX. PENAL CODE § 20.03(a)(2005).  The elements of the Texas kidnapping offense are consistent with the ordinary, contemporary, and common understanding of the term as defined by Black's Law Dictionary.  The district court's determination that Garcia-Gonzalez's offense level should be increased based on his prior kidnapping offense under § 2L1.2 was not a "clear or obvious"

error.  See Izaguirre-Flores, 405 F.3d at 273-75; Garcia-Mendez, 420 F.3d at 456.

Garcia-Gonzalez argues that 8 U.S.C. § 1326(b) is unconstitutional.  He acknowledges that this argument is foreclosed by Almendarez-Torres, 523 U.S. 224, 235 (1998), but raises the argument to preserve it for further review.  We have "repeatedly rejected arguments like the one made by [Garcia-Gonzalez] and . . . held that Almendarez-Torres remains binding despite Apprendi[ v. New Jersey, 530 U.S. 466 (2000).]"  United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005).

AFFIRMED.