**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jorge CERVANTES–BLANCO, Defendant–Appellant.**

**No. 04–51153.
Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided March 7, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, Angela S. Raba, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Jorge Cervantes–Blanco appeals his guilty-plea conviction and sentence for ille-

* Pursuant to 5TH CIR. R. 47.5, the court has    determined that this opinion should not be

gal reentry following deportation in violation of 8 U.S.C. § 1326. He challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

■ Cervantes–Blanco's constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Cervantes–Blanco contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Cervantes–Blanco properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but raises it here to preserve it for further review.

Cervantes–Blanco also contends that the district court committed reversible error when it sentenced him pursuant to the mandatory United States Sentencing Guidelines held unconstitutional in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Further,

Cervantes–Blanco argues that the district court erred when it enhanced his sentence based on a finding that his state conviction for attempted second degree kidnaping was a crime of violence.

■ The district court erred when it sentenced Cervantes–Blanco pursuant to a mandatory guidelines system. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 733 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 267, 163 L.Ed.2d 240 (2005). This error was more like that experienced by the other respondent in *Booker*, Ducan Fanfan. *See United States v. Martinez–Lugo*, 411 F.3d 597, 600 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 464, 163 L.Ed.2d 352 (2005). Because Cervantes–Blanco preserved his Fanfan challenge in the district court by raising an objection based on *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), we review for harmless error. *United States v. Walters*, 418 F.3d 461, 463 (5th Cir.2005). The Government bears the burden of proving beyond a reasonable doubt that the district court would not have sentenced Cervantes–Blanco differently under an advisory guidelines system. *See id.* at 464.[1]

■ The Government concedes that the district court erred when it sentenced Cervantes–Blanco pursuant to a mandatory guidelines system and that the error was not harmless. A review of the sentencing

---

published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. Although we must follow the panel's decision in *Walters*, *United States v. Ruiz*, 180 F.3d 675, 676 (5th Cir.1999), we note that the standard of review it applied—requiring the Government to show that preserved Fanfan error was harmless beyond a reasonable doubt—was not contested in the case and appears to be incorrect because Fanfan error is nonconstitutional error, *see United States v.*

*Hughes*, 401 F.3d 540, 553 (4th Cir.2005) (pointing out that Fanfan error, unlike *Booker* error, is nonconstitutional). Rather, "harmless error" in Fanfan cases is defined by the standard announced in *Kotteakos v. United States*, 328 U.S. 750, 776, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946). *See United States v. Hernandez–Guevara*, 162 F.3d 863, 876 (5th Cir. 1998) (applying *Kotteakos* to preserved nonconstitutional error). But the issue is irrelevant here because the Government cannot meet either burden.

transcript supports the Government's concession. We therefore vacate Cervantes–Blanco's sentence and remand the case for resentencing. Because we remand based on the Fanfan error, we need not address Cervantes–Blanco's other claimed sentencing error. *See United States v. Akpan,* 407 F.3d 360, 377 n. 62 (5th Cir.2005).

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.