United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 25, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50434

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

GERARDO INIGUEZ-BARBA, also known as David Garcia,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
--------------------

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

PER CURIAM:

Defendant Gerardo Iniguez-Barba pleaded guilty to reentering the United States following deportation. In sentencing Iniguez, the district court levied a 16-level increase after concluding that Iniguez's previous New York conviction for second-degree kidnapping, NEW YORK PENAL LAW § 135.20, was a "crime of violence" under U.S.S.G. § 2L1.2. Iniguez challenges that conclusion,[1] which

_____

[1] Iniguez also challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors. As he properly concedes, this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998), and he raises the argument only to preserve it.

we review de novo. See United States v. Dominquez-Ochoa, 386 F.3d 639, 641 (5th Cir. 2004).

U.S.S.G. § 2L1.2 provides for a 16-level increase if the defendant was deported following a "crime of violence." The commentary to § 2L1.2, which is controlling, Stinson v. United States, 508 U.S. 36, 38 (1993), defines "crime of violence" as either an enumerated felony, including "kidnapping," or a felony that "has as an element the use, attempted use, or threatened use of physical force against the person of another." In determining whether the New York crime at issue here is the enumerated offense of "kidnapping," we look to the "generic, contemporary" meaning of kidnapping, employing a "common sense approach" that looks to the Model Penal Code, the LaFave and Scott treatises, modern state codes, and dictionary definitions. See United States v. Fernandez-Cusco, 447 F.3d 382, 385 (5th Cir. 2006); United States v. Fierro-Reyna, 466 F.3d 324, 327 (5th Cir. 2006).

Here, Iniguez was convicted under a statute stating that "[a] person is guilty of kidnapping in the second degree when he abducts another person." NEW YORK PENAL LAW § 135.20. The code defines "abduct" as "to restrain a person with intent to prevent his liberation by either (a) secreting or holding him in a place where he is not likely to be found, or (b) using or threatening to use deadly physical force." Id. § 135.00(2). "Restrain" means to

> restrict a person's movements intentionally and
> unlawfully in such manner as to interfere substantially
> with his liberty by moving him from one place to another,
> or by confining him either in the place where the

restriction commences or in a place to which he has been moved, without consent and with knowledge that the restriction is unlawful. A person is so moved or confined "without consent" when such is accomplished by (a) physical force, intimidation or deception, or (b) any means whatever, including acquiescence of the victim, if he is a child less than sixteen years old or an incompetent person and the parent, guardian or other person or institution having lawful control or custody of him has not acquiesced in the movement or confinement.

Id. § 135.00(1).

We recently discussed in detail the generic, contemporary meaning of kidnapping. In United States v. Gonzalez-Ramirez, 477 F.3d 310 (5th Cir. 2007), we concluded that the Tennessee offense of "kidnapping" was a crime of violence. In doing so, we explicitly rejected Iniguez's primary argument — that, because the MPC requires a specific purpose for an act to be "kidnapping" (such as a desire for ransom, an intent to facilitate another felony or flight, etc.), the generic, contemporary meaning of kidnapping includes such a purpose. Id. at 317. Consequently, NEW YORK PENAL LAW § 135.20 can be a kidnapping statute even though it doesn't require such a purpose.

The court in United States v. Gonzalez-Ramirez also noted that Tennessee's statute fell somewhere between MPC kidnapping and MPC "felonious restraint" because the latter didn't require, as Tennessee and MPC kidnapping did, the use of force, threat, or fraud or, for children or incompetents, the absence of valid consent. Holding that Tennessee's statute prohibited more than "relatively trivial restraints," rendering it a kidnapping statute, id. at 318, we noted that Tennessee's offense included:

(1) knowing removal or confinement;

(2) substantial interference with the victim's liberty;

(3) (a) force, threat, or fraud, or
    (b) if the victim is incompetent or under age thirteen,
    lack of consent from the person responsible for the
    general supervision of the victim's welfare; and

(4) (a) circumstances exposing the victim to
    substantial risk of bodily injury, or
    (b) confinement as a condition of involuntary servitude,
    meaning "the condition of a person who is compelled by
    force, coercion or imprisonment and against the person's
    will to labor for another, whether paid or not.

Here, NEW YORK PENAL LAW § 135.20 includes the first three of those four elements; it does not include the last.[2] Hence we must decide whether that fourth element is required if the first three are present.

We conclude that the first three are sufficient. First, although we noted in Gonzalez-Ramirez that it was "significant that Tennessee requires the use of force, threat or fraud along with the additional aggravating elements of substantial risk of injury or confinement as a condition of involuntary servitude," we so noted to elaborate our holding that Tennessee's statute was "at least as restrictive, *if not more restrictive*, than a majority of state kidnapping statutes as to competent adults," citing New York's and

_____

[2] In Tennessee, those first three comprise "false imprisonment," TENN. CODE ANN. § 39-13-301(2), 302 (2003), which forms the statutory basis for Tennessee's three kidnapping offenses. *See* TENN. CODE ANN. § 39-13-303 ("kidnapping" is false imprisonment plus risk of injury or involuntary servitude); *id.* § 39-13-304 ("aggravated kidnapping" is false imprisonment committed for one of the MPC-type purposes); *id.* § 39-13-305 ("especially aggravated kidnapping" is false imprisonment in certain heinous circumstances). Of course, that Tennessee calls that crime "false imprisonment" doesn't mean that the crime isn't "kidnapping" under the generic, contemporary meaning.

twenty-six other states' kidnapping statutes, only one of which requires a risk of injury or involuntary servitude. Id. at 319 & n.52 (emphasis added); see OHIO REV. CODE ANN. § 2905.01(b).[3] Indeed, we held Tennessee's statute "well-within" the generic definition of kidnapping. Gonzalez-Ramirez, 477 F.3d at 317. Second, as we noted in Gonzalez-Ramirez, the elements of force, threat, or fraud or, for children or incompetents, lack of valid consent, are elements of MPC kidnapping not required of MPC "felonious restraint" or MPC "false imprisonment." And that makes sense, particularly with regard to children or incompetents where the generic meaning of "kidnapping" must include the stealing of a child, even in circumstances where the victim can't be said to be "expos[ed] to [a] substantial risk of bodily injury" or involuntary servitude. Third, commentary to the New York kidnapping and unlawful restraint scheme shows that second-degree kidnapping was not meant to be a significantly less serious offense than first-degree kidnapping,[4] such that first-degree kidnapping in New York would be the only "kidnapping" that's a crime of violence:

> To the revisers of the former Penal Law, "restrain" was
> "a broad term covering everything from the most serious

---

[3] In about eleven of those states (including New York), the cited statue is the "second-degree kidnapping" statute, while the "first-degree kidnapping" statute requires a special purpose. See Gonzalez-Ramirez, 477 F.3d at 317-18 & n.46, 47. In the other states, the cited statute is the main kidnapping statute, and purpose plays no role. While we don't look only to the label of the statute at issue to determine what exactly it proscribes, see Fierro-Reyna, 466 F.3d at 326-27, of course we must look to the labels of the statutes to which we compare the statute at issue.

[4] The state legislature's intent behind a criminal statute isn't authoritative when determining if that statute proscribes a "crime of violence," but it's informative.

cases down to removals and confinements not involving a high degree of isolation, disappearance, or violence." "Abduct," on the other hand, was viewed as a "very serious form of *restraint*, savoring strongly of the substantial removal, isolation and/or violence usually associated with genuine kidnapping." Thus, to restrain another is the lesser offense of unlawful imprisonment and to abduct another is the far more serious offense of kidnapping.

NEW YORK PENAL LAW Ch. 40, Pt. Three, Art. 135, Refs. and Annos. (quoting Staff Comments of the Commission on Revision of the Penal Law, Revised Penal Law, McKinney's Spec. Pamph. (1965), p. 277). Hence second-degree kidnapping isn't like unlawful imprisonment, it's more like "genuine kidnapping."[5] Fourth, BLACK'S LAW DICTIONARY (8th ed. 2004) defines "kidnapping" as "[t]he crime of seizing and taking away a person by force or fraud," not including a potential for injury or involuntary servitude.[6] Finally, we recently decided in an unpublished case, United States v. Garcia-Gonzalez, No. 05-40490, 2006 WL 394977, at *1 (5th Cir. Feb. 21, 2006) (reviewing for plain error), that Texas's kidnapping statute, TEX. PENAL CODE § 20.03, which is almost identical to New York's and doesn't require a risk of injury or involuntary servitude, proscribes a "crime of

---

[5] This, despite the fact that in New York, "unlawful imprisonment" requires restraint "under circumstances which expose the [victim] to a risk of serious physical injury," NEW YORK PENAL LAW § 135.10, a more serious offense than most states' "unlawful [or false] imprisonment." See Gonzalez-Ramirez, 477 F.3d at 320 n.55. We can't extend the "risk of serious physical injury" requirement from unlawful imprisonment to second-degree kidnapping, but if the latter requires that risk but is a less serious offense than the former, the former smells more like "kidnapping."

[6] "Aggravated kidnapping" requires a special purpose and "child-kidnapping" is "kidnapping of a minor, often without the element of force or fraud (as when someone walks off with another's baby)." BLACK'S LAW DICTIONARY (8th ed. 2004).

violence;" although that opinion isn't controlling, it's consistent with our holding today.

In sum, NEW YORK PENAL LAW § 135.20 proscribes the generic offense of "kidnapping." It does not proscribe some lesser offense under an inapt label of "kidnapping." Consequently, we do not address the Government's alternative argument that § 135.20 "has as an element the use, attempted use, or threatened use of physical force against the person of another," or Iniguez's rejoinder that fraud or moving or concealing a child or incompetent without consent do not inherently involve physical force.

AFFIRMED.