United States Court of Appeals
Fifth Circuit

**F I L E D**

August 21, 2007

Charles R. Fulbruge III
Clerk

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 06-41281
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RIGOBERTO ALEXANDER RODRIGUEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:06-CR-409-1

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rigoberto Alexander Rodriguez pleaded guilty to illegally reentering the United States following deportation and was sentenced to a 60-month term of imprisonment. Rodriguez argues that the district court erred by enhancing his offense level based on its determination that Rodriguez's prior Texas conviction for attempted kidnapping was a crime of violence under U.S.S.G. § 2L1.2;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

however, he concedes in his reply brief that this argument is foreclosed by United States v. Iniguez-Barba, 485 F.3d 790, 791-93 (5th Cir. 2007).

Rodriguez also argues that his sentence is unreasonable in light of United States v. Booker, 543 U.S. 220 (2005), but he again concedes that his argument is foreclosed under our precedent. See United States v. Mares, 402 F.3d 511, 518-20 and United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). The Supreme Court has rejected Rodriguez's contention that his sentence within the advisory Sentencing Guidelines range should not be accorded a presumption of reasonableness. See Rita v. United States, 127 S. Ct. 2456 (2007). Our review of the record leads us to conclude that Rodriguez's sentence is reasonable.

Rodriguez also argues that the felony and aggravated felony provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), and subsequent Supreme Court decisions. Rodriguez's constitutional challenge to § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Rodriguez contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005); see also Rangel-Reyes v. United States, 126 S. Ct. 2873 (2006); United States v. Pineda-Arrellano, 2007 U.S. App. LEXIS 16925 (5th Cir. July 17, 2007). Rodriguez properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.