IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 12, 2007

Charles R. Fulbruge III
Clerk

No. 06-50738

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JORGE CERVANTES-BLANCO

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

Before DENNIS, CLEMENT, and PRADO, Circuit Judges.

PRADO, Circuit Judge:

Defendant-Appellant Jorge Cervantes-Blanco ("Cervantes") appeals the sentence that the district court imposed after he pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a). Over Cervantes's objection, the district court enhanced his offense level by sixteen levels based on its conclusion that Cervantes's prior Colorado conviction for attempted second-degree kidnapping was a conviction for a crime of violence within the meaning of section 2L1.2 of the United States Sentencing Guidelines. Cervantes now appeals this enhancement. For the reasons that follow, we vacate Cervantes's sentence and remand for resentencing.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Cervantes pleaded guilty to a one-count indictment charging him with being in the United States unlawfully after removal, in violation of 8 U.S.C. § 1326(a). The presentence report recommended that Cervantes receive a sixteen-level sentence enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for his prior Colorado conviction for attempted second-degree kidnapping. Cervantes objected to this enhancement on the basis that his prior offense did not constitute a crime of violence under the Guidelines. Citing Apprendi v. New Jersey, 530 U.S. 466, 489 (2000), Cervantes further objected that an enhancement that resulted in a sentence beyond the statutory maximum violated due process. Cervantes also raised a challenge to the application of the Guidelines based on Blakely v. Washington, 542 U.S. 296 (2004). The district court overruled these objections and sentenced Cervantes to seventy-seven months' imprisonment.

Cervantes appealed to this court. We rejected Cervantes's Apprendi challenge, noting that his argument was foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). United States v. Cervantes-Blanco, 170 F. App'x 875, 876 (5th Cir. 2006) (unpublished). We did not address Cervantes's argument that his prior conviction did not qualify as a conviction for a crime of violence; instead, we vacated Cervantes's sentence on the basis of the district court's Fanfan error and remanded for resentencing. Id. at 876-77; see United States v. Booker, 543 U.S. 220, 267-68 (2005).

On remand, treating the Guidelines as advisory, the district court again sentenced Cervantes to seventy-seven months' imprisonment. Cervantes filed this timely appeal. On appeal, Cervantes renews his claim that the district court committed error by classifying his Colorado attempted second-degree kidnapping offense as a crime of violence, and he also renews his Apprendi objection.

## II. JURISDICTION AND STANDARD OF REVIEW

Because this is an appeal from a final judgment of a district court in a criminal case, we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. The district court's characterization of Cervantes's prior conviction is a question of law that we review de novo. United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005); United States v. Calderon-Pena, 383 F.3d 254, 256 (5th Cir. 2004) (en banc).

## III. ANALYSIS

A.    Cervantes's Colorado conviction for attempted second-degree kidnapping does not qualify as a conviction for a crime of violence under § 2L1.2

For violations of 8 U.S.C. § 1326, section 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines provides for a sixteen-level increase to the defendant's base offense level where the defendant was previously deported following a conviction for a felony that is a crime of violence. The Guidelines commentary defines a crime of violence as (1) any of a list of enumerated offenses, which include "kidnapping," or (2) "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).[1]

In 1999, Cervantes was convicted in Colorado state court of attempted second-degree kidnapping in violation of Colorado Revised Statutes § 18-3-302. In analyzing whether this conviction qualifies as a conviction for a crime of violence, we look to the particular subdivision of the statute under which Cervantes was convicted. United States v. Fierro-Reyna, 466 F.3d 324, 327 (5th Cir. 2006). The parties stated in their briefs and at oral argument that Cervantes was convicted under § 18-3-302(1), which states,

---

[1] The commentary to § 2L1.2 is binding and is equivalent in force to the Guidelines language itself, as long as the language and the commentary are not inconsistent. United States v. Rayo-Valdez, 302 F.3d 314, 318 n.5 (5th Cir. 2002).

> Any person who knowingly seizes and carries any person from one place to another, without his consent and without lawful justification, commits second degree kidnapping.

COLO. REV. STAT. § 18-3-302(1) (1999). This court's analysis is not affected by the fact that Cervantes was convicted of attempted second-degree kidnapping rather than the completed offense. See U.S.S.G. § 2L1.2 cmt. n.5; United States v. Gonzalez-Ramirez, 477 F.3d 310, 313 (5th Cir. 2007).

### 1. Use of force as an element

Cervantes argues that his second-degree kidnapping offense does not qualify as a crime of violence under § 2L1.2(b)(1)(A)(ii). He first maintains that his offense did not have "as an element the use, attempted use, or threatened use of physical force against the person of another." See U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). Quoting Calderon-Pena, 383 F.3d at 260, Cervantes argues that "[i]f any set of facts would support a conviction without proof [of force]," then force "most decidedly is not an element–implicit or explicit–of the crime." Accordingly, Cervantes argues that a conviction under Colorado Revised Statutes § 18-3-302(1) does not necessarily require the use, attempted use, or threatened use of physical force against the person of another.

Cervantes points to Colorado v. Powell, 716 P.2d 1096, 1102 (Colo. 1986), where the Colorado Supreme Court, in holding that language in an earlier version of § 18-3-302(1) requiring the seizure to be "knowingly, forcibly, or otherwise" was unconstitutionally vague, stated that there was not "any indication of legislative intent that 'forcibly' must be an element of second degree kidnapping."[2] Cervantes also notes that in Colorado v. Metcalf, 926 P.2d 133,

---

[2] The Powell court concluded that "excising the phrase 'forcibly or otherwise' leaves the remainder of the second degree kidnapping statute as a complete and constitutional whole in accord with legislative intent." 716 P.2d at 1102. The Colorado General Assembly then amended § 18-3-302(1) to delete the words "forcibly, or otherwise," leaving the remainder intact. Colorado v. Maass, 981 P.2d 177, 185 (Colo. Ct. App. 1998). The resulting provision is the provision under which Cervantes was convicted.

137 (Colo. Ct. App. 1996), the Colorado court of appeals, interpreting § 18-3-302(1), held that "the word 'seize' encompasses a mere taking." Cervantes further points out that in Colorado v. Maass, 981 P.2d 177, 185 (Colo. Ct. App. 1998), the court of appeals held that "a victim who is taken by deceit has been 'seized' for purposes of a charge of second degree kidnapping."

The government does not contend that Cervantes's conviction for second-degree kidnapping constitutes a crime of violence on the basis that it "has as an element the use, attempted use, or threatened use of physical force against the person of another." Rather, the government puts forth the sole argument that Cervantes's offense qualifies as the enumerated offense of "kidnapping." Because Cervantes's arguments are persuasive, and because the government makes no attempt to argue that Cervantes's offense has the use of force as an element, we decline to uphold Cervantes's sentence on this ground.

2.    Enumerated offense of "kidnapping"

    a.    Summary of parties' arguments

Cervantes argues that his conviction does not qualify as a conviction for the enumerated offense of "kidnapping" because the Colorado second-degree kidnapping statute is broader than the offense contemplated in the Guidelines. Citing United States v. Dominguez-Ochoa, 386 F.3d 639, 642-46 (5th Cir. 2004), Cervantes maintains that this circuit defines enumerated offenses according to their "generic, contemporary meaning" and that if the generically defined offense involves a narrower range of conduct than the statute of conviction, the conviction does not qualify as an enumerated offense. He asserts that under this court's recent decisions in United States v. Gonzalez-Ramirez, 477 F.3d 310, 318-19 (5th Cir. 2007), and United States v. Iniguez-Barba, 485 F.3d 790, 791-93 (5th Cir. 2007), the generic definition of kidnapping contains three requirements: (1)

knowing removal or confinement, (2) substantial interference with the victim's liberty, and (3) force, threat, or fraud.[3]

Cervantes contends that the Colorado second-degree kidnapping statute includes, at most, the first and third of these requirements, because it does not explicitly require a substantial interference with the victim's liberty. He argues that this court intended the "substantial interference" requirement to have significance apart from the other two requirements. He also maintains that if the first and third requirements were deemed sufficient to constitute "kidnapping," kidnapping for purposes of § 2L1.2 would encompass offenses as dissimilar as Colorado's first-degree kidnapping statute, COLO. REV. STAT. ANN. § 18-3-301 (2007), punishable by a minimum term of life imprisonment, and Arizona's unlawful imprisonment statute, ARIZ. REV. STAT. ANN. § 13-1303 (2007), punishable by a maximum of eighteen months' imprisonment. He claims that such a result would be inconsistent with the Sentencing Guidelines' goals of uniformity and proportionality.

The government contends that Cervantes's second-degree kidnapping conviction does qualify as the enumerated offense of "kidnapping." Quoting United States v. Izaguirre-Flores, 405 F.3d 270, 275 (5th Cir. 2005), the government maintains that this court uses a "common sense approach" to determine whether a violation of a state statute constitutes an enumerated offense.[4] It first notes that in cases such as Izaguirre-Flores and United States

---

[3] Initially, Cervantes argued that the generic, contemporary definition of kidnapping requires that the removal of the victim be done for certain specified purposes, citing the kidnapping provision of the Model Penal Code ("MPC"), § 212.1 (2001), and this court's opinions in United States v. Torres-Diaz, 438 F.3d 529, 536 (5th Cir. 2006), and Dominguez-Ochoa, 386 F.3d at 644-46 (5th Cir. 2005). In Gonzalez-Ramirez, 477 F.3d at 318, this court rejected that argument.

[4] Initially, citing Rayo-Valdez, 302 F.3d at 316-17, the government also proposed that a state offense entitled "kidnapping" qualifies as the enumerated offense of "kidnapping," regardless of the variations in state laws. Despite certain ambiguous language in Rayo-Valdez, this circuit has since concluded that the label of a state offense is not determinative of whether

v. Garcia-Gonzalez, 168 F. App'x 564, 565 (5th Cir. 2006) (unpublished), this court looked to legal dictionary and other dictionary definitions to determine the ordinary, contemporary, and common meaning of the enumerated offense. The government quotes Black's Law Dictionary as defining the offense of kidnapping as "[t]he crime of seizing and taking away a person by force or fraud. -- Also termed simple kidnapping." BLACK'S LAW DICTIONARY 886 (8th ed. 2004).[5] The government proposes that the elements of the Colorado second-degree kidnapping statute are congruent with the elements of kidnapping as defined in Black's Law Dictionary. The government also notes that the offense specified in the Guidelines is "kidnapping," not "aggravated kidnapping."

The government further maintains that the Colorado second-degree kidnapping statute encompasses all three requirements the Iniguez-Barba court identified as sufficient to constitute a generic kidnapping offense. It argues that the Iniguez-Barba "knowing removal or confinement" requirement is equivalent to the Colorado statute's "seiz[ing] and carr[ying] element." It also contends that the Iniguez-Barba "by force, threat, or fraud" requirement is equivalent to the Colorado statute's "without his consent and without lawful justification" element. Finally, the government argues that the Iniguez-Barba "substantial interference with the victim's liberty" requirement is implicitly included in the Colorado statute because whenever the other two elements of the Colorado statute are met, there will necessarily be a substantial interference with the victim's liberty. It

---

it qualifies as an enumerated offense. See, e.g., Gonzalez-Ramirez, 477 F.3d at 313.

[5] The full definition reads as follows:
> 1. At common law, the crime of forcibly abducting a person from his or her own country and sending the person to another. This offense amounted to false imprisonment aggravated by moving the victim to another country. 2. The crime of seizing and taking away a person by force or fraud. -- Also termed simple kidnapping; (loosely) abduction; (archaically) manstealing. See ABDUCTION.

BLACK'S LAW DICTIONARY 886 (8th ed. 2004).

relies in part on Colorado cases stating that proof that movement substantially increased the risk of harm to the victim may help to prove the "seiz[ing] and carr[ying]" element in some cases where the degree of movement is insubstantial. See Colorado v. Harlan, 8 P.3d 448, 476 (Colo. 2000); Colorado v. Owens, 97 P.3d 227, 237 (Colo. Ct. App. 2004). The government asserts that whether the victim is moved a substantial distance or is moved an insubstantial distance proven by an increase in the risk of harm to the victim, and the movement has been done without the victim's consent, there has necessarily been a substantial interference with the victim's liberty.

A close reading of the Colorado second-degree kidnapping statute, Colorado opinions interpreting the statute, and this court's most recent opinions on this issue, Gonzalez-Ramirez and Iniguez-Barba, reveals that Cervantes's conviction does not qualify as a conviction for the enumerated offense of "kidnapping."

b.    Caselaw on kidnapping as an enumerated offense

In Gonzalez-Ramirez, this court addressed whether a conviction under section 39-13-303 of the Tennessee Code qualifies as a conviction for the enumerated offense of "kidnapping." 477 F.3d at 314. Section 39-13-303 defines kidnapping as "false imprisonment . . . (1) [u]nder circumstances exposing the other person to substantial risk of bodily injury; or (2) [w]here the confinement of another is in a condition of involuntary servitude." Id. (quoting TENN. CODE ANN. § 39-13-303 (2003)). "False imprisonment," in turn, is defined as "knowingly remov[ing] or confin[ing] another unlawfully so as to interfere substantially with the other's liberty." Id. (quoting TENN. CODE ANN. § 39-13-302 (2003)). The Tennessee Code defines "unlawfully" as follows:

> "Unlawful" means, with respect to removal or confinement, one that is accomplished by force, threat or fraud, or, in the case of a person who is under the age of thirteen (13) or incompetent, accomplished without the consent of a parent, guardian or other person responsible for the general supervision of the minor's or incompetent's welfare.

TENN. CODE ANN. § 39-13-301(2). Thus, under Tennessee law, kidnapping entails the following: knowing removal or confinement; accomplished by force, threat, or fraud (or, for incompetents or minors, without consent of a guardian); in a manner that interferes substantially with the other's liberty; and (1) under circumstances exposing the other person to substantial risk of bodily injury, or (2) where the confinement of another is in a condition of involuntary servitude.

The Gonzalez-Ramirez court looked to the MPC definition of kidnapping and explained that "kidnapping does not occur under the Model Penal Code absent one of the specifically enumerated purposes." 477 F.3d at 316.[6] The court further noted, however, that a "majority of states have rejected a specified purpose requirement for kidnapping crimes." Id. at 318. The court therefore decided that it "[could not] conclude that a specified purpose or intent is required for a state kidnapping conviction to constitute a crime of violence under section 2L1.2 [of the U.S.S.G.]" Id. After restating the elements of Tennessee Code section 39-13-303, the court explained,

> Tennessee's kidnapping statute is in line with a majority of other states with regard to victims who are children or legally incompetent, and it is at least as restrictive, if not more restrictive, than a majority of state kidnapping statutes as to competent adults. In this latter regard, it is significant that Tennessee requires the use of force, threat or fraud along with the additional aggravating elements of

---

[6] The MPC defines kidnapping as follows:
A person is guilty of kidnapping if he unlawfully removes another from his place of residence or business, or a substantial distance from the vicinity where he is found, or if he unlawfully confines another for a substantial period in a place of isolation, with any of the following purposes:
(a) to hold for ransom or reward, or as a shield or hostage; or
(b) to facilitate commission of any felony or flight thereafter; or
(c) to inflict bodily injury on or to terrorize the victim or another; or
(d) to interfere with the performance of any governmental or political function.
MODEL PENAL CODE § 212.1.

substantial risk of injury or confinement as a condition of involuntary servitude.

Id. at 319. The court therefore concluded that "Tennessee's statute does not sweep more broadly than the generic, contemporary meaning of the term 'kidnapping.'" Id. at 320. We held that "[b]ecause Tennessee's statutory definition of kidnapping falls within the generic, contemporary meaning of 'kidnapping,' an enumerated offense in the commentary to section 2L1.2, the district court did not err in applying a crime-of-violence enhancement in this case." Id. at 311.

This court relied heavily on Gonzalez-Ramirez in its recent decision in Iniguez-Barba, 485 F.3d 790, which addressed whether a conviction under New York's second-degree kidnapping statute, New York Penal Law § 135.20, qualifies as a conviction for the enumerated offense of "kidnapping." New York Penal Law § 135.20 states that "[a] person is guilty of kidnapping in the second degree when he abducts another person." 485 F.3d at 791. The New York code defines "abduct" as "to restrain a person with intent to prevent his liberation by either (a) secreting or holding him in a place where he is not likely to be found, or (b) using or threatening to use deadly physical force." Id.; see NEW YORK PENAL LAW § 135.00(2). "Restrain" means to

> restrict a person's movements intentionally and unlawfully in such manner as to interfere substantially with his liberty by moving him from one place to another, or by confining him either in the place where the restriction commences or in a place to which he has been moved, without consent and with knowledge that the restriction is unlawful. A person is so moved or confined "without consent" when such is accomplished by (a) physical force, intimidation or deception, or (b) any means whatever, including acquiescence of the victim, if he is a child less than sixteen years old or an incompetent person and the parent, guardian or other person or institution having lawful control or custody of him has not acquiesced in the movement or confinement.

485 F.3d at 791; see NEW YORK PENAL LAW § 135.00(1).

The Iniguez-Barba court first noted that in Gonzalez-Ramirez, we rejected the argument that "because the MPC requires a specific purpose for an act to be 'kidnapping' (such as a desire for ransom, an intent to facilitate another felony or flight, etc.), the generic, contemporary meaning of kidnapping includes such a purpose." 485 F.3d at 791. Consequently, the court concluded that "NEW YORK PENAL LAW § 135.20 can be a kidnapping statute even though it doesn't require such a purpose." Id.

The court then noted that the Tennessee statute held in Gonzalez-Ramirez to constitute the enumerated offense of kidnapping included the following elements:

> (1)  knowing removal or confinement;
> (2)  substantial interference with the victim's liberty;
> (3)     (a) force, threat, or fraud, or
>         (b) if the victim is incompetent or under age thirteen, lack of consent from the person responsible for the general supervision of the victim's welfare; and
> (4)     (a) circumstances exposing the victim to substantial risk of bodily injury, or
>         (b) confinement as a condition of involuntary servitude, meaning "the condition of a person who is compelled by force, coercion or imprisonment and against the person's will to labor for another, whether paid or not."

Id. at 791-92 (citing Gonzalez-Ramirez, 477 F.3d at 318). The court noted that "NEW YORK PENAL LAW § 135.20 includes the first three of those four elements; it does not include the last." Id. at 792. We held that "the first three [elements] are sufficient" to render an offense the equivalent of the enumerated offense of "kidnapping." Id. The court explained that in Gonzalez-Ramirez we held that the Tennessee statute in question was "at least as restrictive, if not more restrictive, than a majority of state kidnapping statutes as to competent adults." Id. (quoting Gonzalez-Ramirez, 477 F.3d at 319). The court also pointed out that, as we noted in Gonzalez-Ramirez, the elements of force, threat, or fraud or,

for children or incompetents, lack of valid consent, are elements of MPC kidnapping not included in lesser MPC offenses. Id.

The court further noted that the Black's Law Dictionary definition of "kidnapping" did not require a potential for injury or involuntary servitude. Id. at 793. Finally, the court acknowledged that in United States v. Garcia-Gonzalez, 168 F. App'x 564, this court held that Texas's kidnapping statute, Texas Penal Code § 20.03, "which is almost identical to New York's and doesn't require a risk of injury or involuntary servitude" qualified as a crime of violence. Iniguez-Barba, 485 F.3d at 793. The court noted that "although [Garcia-Gonzalez] isn't controlling, it's consistent with our holding today." Id. In Garcia-Gonzalez, an unpublished decision, this court held that a conviction under Texas's kidnapping statute qualifies as a conviction for the enumerated offense of kidnapping. 168 F. App'x at 565. Under Texas Penal Code § 20.03(a), a person commits the offense of kidnapping if he "intentionally or knowingly abducts another person." Id.[7] In a very brief analysis, this court explained that

---

[7] Though the Garcia-Gonzalez opinion does not discuss this, the Texas Penal Code defines "abduct" as follows:

> (2) "Abduct" means to restrain a person with intent to prevent his liberation by:
>> (A) secreting or holding him in a place where he is not likely to be found; or
>> (B) using or threatening to use deadly force.

Tex. Penal Code Ann. § 20.01(2). "Restrain" is defined as follows:

> (1) "Restrain" means to restrict a person's movements without consent, so as to interfere substantially with the person's liberty, by moving the person from one place to another or by confining the person. Restraint is "without consent" if it is accomplished by:
>> (A) force, intimidation, or deception; or
>> (B) any means, including acquiescence of the victim, if: (i) the victim is a child who is less than 14 years of age or an incompetent person and the parent, guardian, or person or institution acting in loco parentis has not acquiesced in the movement or confinement; or
>> (ii) the victim is a child who is 14 years of age or older and younger than 17 years of age, the victim is taken outside of the state and outside a 120-mile radius from the victim's residence, and the parent, guardian, or person or institution acting in loco parentis has not acquiesced in the movement.

the "elements of the Texas kidnapping offense are consistent with the ordinary, contemporary, and common understanding of the term as defined by Black's Law Dictionary." Id.

### c. Applying kidnapping caselaw to the Colorado offense

To restate, the provision of the Colorado code under which Cervantes was convicted, Colorado Revised Statutes § 18-3-302(1), reads as follows:

> Any person who knowingly seizes and carries any person from one place to another, without his consent and without lawful justification, commits second degree kidnapping.

The Colorado code does not define the key terms in this provision, but Colorado caselaw sheds light on their meaning. The plain language of the provision and the Colorado cases interpreting it make clear that § 18-3-302(1) satisfies at most two of the four elements discussed in Gonzalez-Ramirez and Iniguez-Barba.

It is apparent from the language of § 18-3-302(1) that this provision satisfies the first element identified in Gonzalez-Ramirez and Iniguez-Barba: "knowing removal or confinement." Indeed, § 18-3-302(1) requires removal, not just confinement. It is possible that § 18-3-302(1) also satisfies the third element identified in Gonzalez-Ramirez and Iniguez-Barba:

> (a) force, threat, or fraud, or
>  (b) if the victim is incompetent or under age thirteen, lack of consent from the person responsible for the general supervision of the victim's welfare.

Gonzalez-Ramirez, 477 F.3d at 318-19; see also Iniguez-Barba, 485 F.3d at 791-92 (using the same language as Gonzalez-Ramirez). In the Tennessee statute at issue in Gonzalez-Ramirez, this element appears explicitly in the definition of the word "unlawfully," which appears in the statute in question. See TENN. CODE ANN. § 39-13-301(2). In the New York statute at issue in Iniguez-Barba, this element appears explicitly in the definition of "without consent," which is

---

Id. § 20.01(1).

incorporated into the definition of "restrain," see NEW YORK PENAL LAW § 135.00(1), which is incorporated into the definition of "abduct," see NEW YORK PENAL LAW § 135.00(2), a term that appears in the statute in question. See NEW YORK PENAL LAW § 135.20.

Section 18-3-302(1) uses the language "without [] consent and without lawful justification." Neither of these terms is defined by the Colorado code. The Colorado Supreme Court has stated that "[i]n the context of the crime of second degree kidnapping . . . the term 'without lawful justification' simply means an act not authorized or permitted by law–in other words, an act performed without lawful authority." Colorado v. Schuett, 833 P.2d 44, 47 (Colo. 1992). The Colorado courts have not offered a more detailed definition of "without lawful justification." With respect to the "without consent" language, the Colorado Court of Appeals has stated that "a person who is seized by the use of force or express threats by definition has not given consent." Maass, 981 P.2d at 186. The court has also stated that "an adult who consents without deceit to travel with another has not been 'seized.'" Id. These statements do not indicate whether other methods of seizure also qualify as "without consent."

It is possible that the phrase "without [] consent and without lawful justification" has the same meaning as the third element in Gonzalez-Ramirez and Iniguez-Barba; that is, it signifies a taking by

> (a) force, threat, or fraud, or
> (b) if the victim is incompetent or under age thirteen, lack of consent from the person responsible for the general supervision of the victim's welfare.

Gonzalez-Ramirez, 477 F.3d at 318-19; see also Iniguez-Barba, 485 F.3d at 791-92 (using the same language as Gonzalez-Ramirez). However, because the Colorado code and Colorado courts have not defined the terms "without consent"

and "without lawful justification" in this precise manner, it is also possible that these terms have some broader meaning.

It does not appear that § 18-3-302(1) includes the second element identified in Gonzalez-Ramirez and Iniguez-Barba: "substantial interference with the victim's liberty." Gonzalez-Ramirez, 477 F.3d at 318; see also Iniguez-Barba, 485 F.3d at 792 (using the same language as Gonzalez-Ramirez). For both the Tennessee statute addressed in Gonzalez-Ramirez and the New York statute at issue in Iniguez-Barba, the "substantial interference" language appears explicitly in the definitions of terms used in the statutes. See id. By contrast, section 18-3-302(1) of the Colorado Revised Statutes does not include any such "substantial interference" language, and, as explained above, its key terms are left undefined by the Colorado code. We have not found any Colorado decision that imparts a "substantial interference" element to § 18-3-302(1). The government's argument that a substantial increase in risk of harm is a factor that can help establish the "seiz[ing] and carr[ying]" element of the statute is not persuasive. In Colorado v. Harlan, the Colorado Supreme Court stated, "That the defendant's conduct substantially increased a risk of harm to the victim is not a material element of second degree kidnapping." 8 P.3d at 476.

Nor does § 18-3-302(1) incorporate the fourth element from Gonzalez-Ramirez:

> (a) circumstances exposing the victim to substantial risk of bodily injury, or
> (b) confinement as a condition of involuntary servitude.

See 477 F.3d at 318-19. This requirement does not appear in the plain language of § 18-3-302(1). While some defendants have argued that a "substantial risk of bodily injury" element is embedded in § 18-3-302(1)'s requirement that the victim be "carrie[d] . . . from one place to another," also known as the statute's

15

"asportation" requirement, this interpretation has been rejected by the Colorado Supreme Court. The court stated as follows:

> We do not accept the defendant's proposition that substantially increasing a risk of harm to the victim is part of the asportation element of second degree kidnapping. The asportation element of this offense is simply that a person seized and carried another person from one place to another. That the defendant's conduct substantially increased a risk of harm to the victim is not a material element of second degree kidnapping. It is instead a factual circumstance reviewing courts consider in some cases to determine whether there is sufficient evidence to prove that the defendant moved the victim from one place to another.

Colorado v. Harlan, 8 P.3d 448, 476 (Colo. 2000).

The question therefore becomes whether a statute that contains only the Gonzalez-Ramirez first element, "knowing removal or confinement," and possibly the Gonzalez-Ramirez third element, "(a) force, threat, or fraud, or (b) if the victim is incompetent or under age thirteen, lack of consent from the person responsible for the general supervision of the victim's welfare," and lacks any additional aggravating elements, such as the specified purpose requirements of the MPC definition, qualifies as the enumerated offense of "kidnapping." We conclude that it does not. While Gonzalez-Ramirez did not hold that any particular elements are essential, the court did emphasize that where the specified purposes of the MPC kidnapping definition are lacking, some aggravating elements are necessary to bring a statute closer to the MPC definition of kidnapping. 477 F.3d at 317-20. Moreover, the court stated that "we would not conclude that the term 'kidnapping' encompasses any unlawful confinement, based on the broadest and most basically written state kidnapping statute." Id. at 318. The court then included a footnote citing South Carolina Code § 16-3-910, thus implying that this South Carolina statute was an example of "the broadest and most basically written state kidnapping statute." The South Carolina statute reads as follows:

> Kidnapping. Whoever shall unlawfully seize, confine, inveigle, decoy, kidnap, abduct or carry away any other person by any means whatsoever without authority of law, except when a minor is seized or taken by his parent, is guilty of a felony . . . .

S.C. CODE ANN. § 16-3-910 (2003). This provision is quite similar to the Colorado provision at issue in the instant case.

In support of its position, the government relies on Black's Law Dictionary, which is cited in Iniguez-Barba and our unpublished decision in Garcia-Gonzalez. Black's Law Dictionary defines kidnapping as "[t]he crime of seizing and taking away a person by force or fraud." BLACK'S LAW DICTIONARY 886 (8th ed. 2004). While this definition is somewhat similar to the Colorado provision at issue in this case, § 18-3-302(1) does not explicitly require "force or fraud." Thus, the elements of § 18-3-302(1) are not completely congruent with the Black's Law Dictionary definition of kidnapping.

In sum, in accordance with this circuit's precedent, a kidnapping statute such as § 18-3-302(1), which lacks the specified purposes of the MPC definition and other aggravating elements identified in Gonzalez-Ramirez and Iniguez-Barba, and also lacks an explicit "force or fraud" requirement, does not qualify as the enumerated offense of "kidnapping." We therefore conclude that the district court erred by enhancing Cervantes's sentence by sixteen levels as a crime of violence conviction under U.S.S.G. § 2L1.2.

B.    Cervantes's sentence did not violate due process because it exceeded the maximum sentence for the offense charged in the indictment

Cervantes raised his Apprendi objection in his original appeal to this court. This court rejected Cervantes's argument as foreclosed by Supreme Court and circuit precedent. Accordingly, under the law of the case doctrine, this court will not reconsider this argument. See Ill. Cent. Gulf R.R. v. Int'l Paper Co., 889 F.2d 536, 539 (5th Cir. 1989) ("Under the 'law of the case' doctrine, an issue of

law or fact decided on appeal may not be reexamined either by the district court on remand or by the appellate court on a subsequent appeal."). Even if we were to reconsider Cervantes's objection, there has been no change in Supreme Court or circuit law that would permit us to reverse the district court on this ground.

## IV. CONCLUSION

For the foregoing reasons, we VACATE Cervantes's sentence and REMAND for resentencing consistent with this opinion.

VACATED and REMANDED.