# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 9, 2013

Lyle W. Cayce
Clerk

No. 12-20421
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OLGA ARRELLANO-LOPEZ, also known as Olga Arellano,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-153-1

Before SMITH, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Olga Arrellano-Lopez (Arrellano) appeals the sentence imposed following her guilty plea conviction for being unlawfully present in the United States following removal. Arrellano argues that the district court erred by applying a 16-level enhancement under United States Sentencing Guidelines § 2L1.2(b)(1)(A)(ii) based on a prior conviction for a crime of violence. She maintains that her Texas conviction for kidnapping under TEX. PENAL CODE § 20.03(a) was not a conviction for a crime of violence because TEX. PENAL CODE

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 20.03(a) does not have as an element the use, attempted use, or threatened use of force and because TEX. PENAL CODE § 20.03(a) does not comport with the contemporary, generic offense of kidnapping. We review the district court's interpretation or application of the Guidelines de novo, and its factual findings for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

In *United States v. Garcia-Gonzalez*, 168 F. App'x 564, 565 (5th Cir. 2006), we held that "[t]he elements of the Texas kidnapping offense are consistent with the ordinary, contemporary, and common understanding of the term as defined by Black's Law Dictionary," and we determined that the application of a 16-level enhancement under § 2L1.2(b)(1)(A)(ii) based upon a conviction under TEX. PENAL CODE § 20.03(a) was not plain error. In a subsequent published opinion, we held that a conviction under a nearly identical New York kidnapping statute was a conviction for a crime of violence under § 2L1.2(b)(1)(A)(ii). *United States v. Iniguez-Barba*, 485 F.3d 790, 791-93 (5th Cir. 2007). We have also described *Garcia-Gonzalez* as "an unpublished case which held that the enumerated offense of 'kidnapping' included a Texas statute that was nearly identical to the New York statute and likewise lacked the requirement of risk of injury or involuntary servitude." *United States v. Moreno-Florean*, 542 F.3d 445, 453 (5th Cir. 2008).

Arrellano acknowledges the opinions in *Garcia-Gonzalez* and *Moreno-Florean*. She asserts that *Garcia-Gonzalez* is not controlling because that case was reviewed under the plain error standard and because the opinion was unpublished. She maintains that this court misconstrued *Garcia-Gonzalez* in *Moreno-Florean* for the same reasons.

While *Garcia-Gonzalez* is an unpublished opinion, *Iniguez-Barba* and *Moreno-Florean* are published opinions that resolve this issue against Arrellano. *See Iniguez-Barba*, 485 F.3d at 791-93; *Moreno-Florean*, 542 F.3d at 453. As Arrellano has not shown the existence of an intervening statutory change,

Supreme Court decision, or en banc decision of this court, we must follow *Iniguez-Barba* and *Moreno-Florean*. *See United States v. Snarr*, 704 F.3d 368, 402 n.21 (5th Cir. 2013).

AFFIRMED.