[Crim. No. 3503. First Dist., Div. Two. Aug. 19, 1958.]

THE PEOPLE, Respondent, v. GEORGE L. HORTON, Appellant.

David R. Fuller, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, Clarence E. Linn, Assistant Attorney General, and Peter T. Kennedy, Deputy Attorney General, for Respondent.

DOOLING, J.—Appellant was convicted by a jury of a sale of heroin. On January 9, 1957, the witness Goodrum was working as an undercover narcotics agent with an informer named Randolph. The two met appellant in a pool hall and in Goodrum's hearing Randolph told appellant that he wanted to get some "stuff" (narcotics). Appellant replied: ". . . I'll sell to you, but I'm not going to sell to him [indicating Goodrum] because I don't know him." Randolph asked for "a half spoon" and a meeting place on the street was arranged. Randolph and Goodrum drove to this meeting place and appellant arrived shortly afterward. Appellant stood about 10 feet from the parked automobile. Randolph got out and with $20 in currency in his right hand visible at all times to Goodrum walked to where appellant was standing. Goodrum from the

automobile in which he remained seated saw Randolph hand appellant the $20 in currency and saw appellant place a small white packet in Randolph's left hand. With his left hand visible Randolph walked directly back to the automobile, opened his left hand and from it gave Goodrum the white packet, which analysis showed contained heroin.

Appellant argues: 1. that there is no evidence sufficient to support a finding that appellant had knowledge of the narcotic character of the substance (*People* v. *Winston*, 46 Cal.2d 151 [293 P.2d 40]); and 2. that it was prejudicial error not to instruct the jury that knowledge of the narcotic character of the substance sold is an essential element of the offense.

The case was tried on the theory that the sale was not made. Appellant testified that he knew Randolph but denied the sale to him. It was argued to the jury on that question alone. Under all of the circumstances of this case if the jury found, as they did, that the sale was made as testified appellant's knowledge of the narcotic character of the substance was not open to reasonable doubt. Once the jury found the sale the giving of the instruction on knowledge would not have resulted in a different verdict under the facts of this case.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.