[Crim. No. 3767. First Dist., Div. One. Oct. 20, 1960.]

THE PEOPLE, Respondent, v. SIMPSON TURNER, Appellant.

514

David L. Skinner, Jr., under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Peter T. Kennedy, Deputy Attorneys General, for Respondent.

BRAY, P. J.—Defendant was charged with two counts of violation of section 11531, Health and Safety Code (sale, furnishing or gift of marijuana). The first count charged that the act took place on or about July 11, the second count, on or about July 12. A jury found defendant guilty under the first count but not guilty under the second count. Defendant appeals from the judgment entered on conviction under the first count.

### QUESTIONS PRESENTED

1. Sufficiency of evidence.
2. Was the court required of its own motion to limit the purpose for which evidence of prior felony conviction was admitted?
3. Was the instruction as to the elements of the offense charged erroneous?

### 1. *Sufficiency of Evidence.*

 Henry Lopez, a state narcotic agent, and Raphael Carillo, a narcotic special employee (informant), were in the Golden Dragon Café in Salinas at about 10 p. m. Lopez testified that there they met defendant. In the conversation that ensued, defendant asked Lopez, "What do you want, man, some weed?" "Weed," according to Lopez, means marijuana. Lopez replying affirmatively, defendant said,

"Let me see what I can do for you." Defendant then went outside, returning in about five minutes. He stated, "There's a man out here, he's got one joint; you can have it for a buck. You can blast that while I try to get you some more." Lopez gave defendant a dollar. Defendant went out of the café and on his return laid a cigarette on the table which Lopez picked up. (The cigarette contained marijuana.) Lopez' testimony was the only evidence of the supplying of the marijuana by defendant. Carillo was not called as a witness.

Hubert Ray Sutton, another state narcotic agent, testified that on September 11 at the Golden Dragon Bar defendant told him that defendant might be able to pick up some marijuana for him, possibly five joints, for which he would have to have $5.00. Sutton gave him that amount. Defendant told him to go to a certain restaurant. There, about ten minutes later, just as defendant came through the front door, a couple of police appeared, and Sutton did not contact defendant until the next morning. At that time defendant said that he had had four joints but had sold them, and gave Sutton back his $5.00, and said that maybe later he might be able to do something for Sutton.

Defendant testified that he met Lopez and Carillo at the Golden Dragon, that there Carillo asked him if he knew where any narcotics were, where defendant could get narcotics for Lopez. Defendant said that he did. Defendant took a dollar which Carillo pushed towards him from where it had been lying on the table, walked to the front door, but did not leave. Defendant then returned and handed the dollar to Carillo under the table. Defendant denied supplying Lopez with any marijuana or of seeing any marijuana cigarette there that night.*

The determination of this case depended upon whether the jury believed the narcotics agents or the defendant. The jury believed the former. Actually the testimony of the agent and that of the defendant differed only as to the furnishing of the marijuana. ■ A witness' credibility is a matter for the determination of the jury, and even though a defendant's testimony exculpates him, it is for the jury to say whether he is to be believed. There is no requirement that the agent's testimony be corroborated.

■ In *People* v. *Small*, 159 Cal.App.2d 582, 584 [324 P.2d 10], the court stated: "The verdict of the jury cannot

---

*As defendant was acquitted of the charge in the second count, we are omitting discussion of the evidence on that count.

be set aside for insufficiency of the evidence unless it appears that upon no hypothesis whatsoever is there sufficient substantial evidence to support the conclusion reached. [Citations.]"

In the same case, at pages 585-586, the court stated: "Statements given by the witness who had been believed by the trial court can be rejected only if there exists a physical impossibility that the statements are true or the falsity of the statements is apparent without resorting to inferences and deductions. [Citations.]"

In the Small case, as well as in others (*People* v. *Horton*, 163 Cal.App.2d 63 [328 P.2d 783]; *People* v. *Jackson*, 164 Cal.App.2d 772 [331 P.2d 218]), the testimony consisted of a policeman's account of the events giving rise to the crime as contrasted with the defendant's account. In all of these cases a conviction resulted.

Defendant concedes that convictions in narcotics cases may rest solely on the testimony of one policeman, but maintains that the cumulative effect of two factors produced a fatal weakness. The factors he relies on are: (1) the failure of the prosecution to put Carillo (the informant) on the stand. This was explained by the fact that Carillo was thought to be in Texas, and therefore unavailable as a witness. (2) The unlimited use by the prosecution of evidence of the defendant's felony conviction. This evidence may be used for impeachment and a further discussion of this aspect of the case will be developed under the next issue.

That the jury convicted defendant on count 1 and not on count 2 on the basis of evidence from Lopez, cannot be construed on appeal to mean that the jury was unwarranted in believing Lopez as to the facts of count 1. It is as reasonable to suppose that the jury gave defendant a break, especially as the testimony of the agent and that of the defendant is practically the same with the exception of the actual supplying of the narcotic. The agent's testimony constituted substantial evidence to support the jury's verdict of guilty.

2. *Instruction: Former Conviction.*

At the end of defendant's cross-examination he was asked without objection whether he had ever been convicted of a felony.. The prosecuting attorney then elicited from him the fact that the crime there involved was possession of marijuana. The court instructed the jury: "You are the sole judges of the credibility of any witness who has testified before you. A witness is presumed to speak the truth. This presumption, however, may be overcome by contradictory

evidence, by the manner of the witness on the stand, the degree of intelligence exhibited by him, and the manner in which he testifies; by the character of his testimony; by evidence showing his motives or an interest in the outcome of the case or bias or prejudice against one of the parties, or by proof that he has been convicted of a felony."

Defendant does not contend that this instruction as far as it went was improper. He does contend that the court of its own motion should have given additionally a limiting instruction to the effect that the former conviction could only be considered for impeachment purposes and not for the purpose of establishing an inference that defendant probably committed the crime charged. Had such an instruction been offered it should have been given. It is well settled that an instruction limiting evidence of a prior felony conviction "falls within the general rule that failure to ask for an instruction limiting the effect of evidence admitted generally waives objection thereto." (*People* v. *McGoldrick*, 107 Cal.App.2d 171, 174 [236 P.2d 597].)

In *People* v. *Owens*, 79 Cal.App.2d 290, 299 [179 P.2d 401], the court stated: "Defendant next complains because the trial court, of its own motion, failed to give an instruction that the evidence of the defendant's three prior burglary convictions was to be considered only for the purpose of impeachment, and not as proof of the charge for which he was being tried, citing *People* v. *Blanks*, 67 Cal.App.2d 132 [153 P.2d 449]. In that case a request for such an instruction was refused. In the instant case, had defendant requested it, the trial court undoubtedly would have given such an instruction. Furthermore, the evidence of the prior convictions was offered by defendant as a part of his case in chief. In the absence of a request for such an instruction he should not be heard to complain. (*People* v. *Jackson*, 70 Cal.App.2d 763, 767 [161 P.2d 809].)"

In the above cited cases, the evidence of prior convictions was brought out by way of direct examination. However, the language in the opinions relating to this fact seems only to be a further factor the court considered in deciding that the limiting instruction was not required unless requested. (See *People* v. *Smith*, 98 Cal.App.2d 723, 731 [221 P.2d 140]; cf. *People* v. *Shaw*, 115 Cal.App.2d 597 [252 P.2d 670].) The trial court here was under no obligation to give a limiting instruction of its own motion.

### 3. *Instruction as to Elements of the Offense.*

The court first instructed the jury that the information alleges in two counts "that the defendant did unlawfully sell marijuana" on two separate occasions. The jury retired to deliberate shortly thereafter. After 40 minutes the jury returned and asked the court if the defendant was charged with anything more than the sale of marijuana. The court replied that the defendant was charged with all the wording of the information which included "selling, furnishing, or giving away" and that it was not necessary to find the existence of all three.

Defendant contends that as the information charged in the conjunctive that defendant did "sell, furnish *and* give away marijuana" (emphasis added) it was error for the court to instruct in the disjunctive.

In *People* v. *O'Brien*, 130 Cal. 1, 3 [62 P. 297], the court stated: "The information was demurred to on the ground of uncertainty—the point of the objection being that the substance administered to the prosecutrix was alleged to be 'at once intoxicating, narcotic, and anaesthetic,' . . . It is well settled that 'where the statute enumerates several acts disjunctively, which separately or together shall constitute the offense, the indictment, if it charges more than one of them, which it may do, and that, too, in the same count, should do so in the conjunctive.' [Citations.]"

Thus, the conjunctive charge in the information properly included acts which separately constituted the crime of violation of the section. If the evidence showed that defendant either sold, furnished or gave away marijuana, defendant was guilty of the crime charged. It was the duty of the court to so instruct. The instruction was correct.

Judgment affirmed.

Tobriner, J., and Duniway, J., concurred.