United States Court of Appeals
Fifth Circuit

**F I L E D**

July 27, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———

No. 06-40486
Summary Calendar

———

UNITED STATES OF AMERICA

Plaintiff–Appellee

v.

JAIME GUTIERREZ-BAUTISTA

Defendant–Appellant

———

Appeal from the United States District Court
for the Southern District of Texas
No. 5:05-CR-2210

———

Before SMITH, WIENER, and OWEN, Circuit Judges.

PRISCILLA R. OWEN, Circuit Judge:

Defendant-Appellant Jaime Gutierrez-Bautista (Gutierrez) pleaded guilty without a plea agreement to being unlawfully present in the United States after deportation. The Presentence Report (PSR) assigned Gutierrez a base offense level of eight pursuant to U.S.S.G. § 2L1.2(a); a 16-level increase under § 2L1.2(b)(1)(A)(i), because he had a prior 1999 Georgia conviction for trafficking methamphetamine; and a three level decrease pursuant to U.S.S.G. § 3E1.1(a) and (b) for acceptance of responsibility. Gutierrez's criminal history of five resulted in a criminal history category of IV. The applicable guideline advisory sentencing range was 57 to 71 months of imprisonment.

Gutierrez filed two objections to the PSR, contending that (1) the enhancement of his sentence under 8 U.S.C. § 1326(b) was unconstitutional in view of Apprendi v. New Jersey, 530 U.S. 466 (2000); and (2) the 16-level enhancement was improper, because his prior Georgia conviction was not a "drug trafficking offense" under § 2L1.2(b)(1)(A)(i). The district court overruled Gutierrez's objections and sentenced him to 60 months of imprisonment. Gutierrez timely filed a notice of appeal. We affirm.

I

Gutierrez was sentenced after the Supreme Court issued its decision in United States v. Booker, 543 U.S. 220 (2005), and challenged the enhancement of his sentence under § 2L1.2(b)(1)(A) in the district court. Accordingly, we review the district court's interpretation and application of the Sentencing Guidelines de novo and its factual findings for clear error. United States v. Villanueva, 408 F.3d 193, 202-03 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005); see also United States v. Villegas, 404 F.3d 355, 359-61 (5th Cir. 2005).

A person convicted of being unlawfully present in the United States after deportation faces a 16-level sentencing enhancement if, prior to his deportation, he had been convicted of committing a felony that is "a drug trafficking offense for which the sentence imposed exceeded 13 months." U.S.S.G. § 2L1.2(b)(1)(A)(i). The commentary to the Guidelines defines "drug trafficking offense":

> "Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

§ 2L1.2, cmt. n.1(B)(iv).

In considering whether a prior conviction qualifies as a drug trafficking offense, we may look to the statutory definition and elements of the offense, the charging papers, a written plea agreement, a guilty-plea transcript, jury instructions, and factual findings by the trial judge to which the defendant assented. Shepard v. United States, 544 U.S. 13, 16-17, 20-21 (2005) (addressing enhancement under the Armed Career Criminal Act); United States v. Garza-Lopez, 410 F.3d 268, 273 (5th Cir. 2005).

The Georgia statute under which Gutierrez was convicted provides, in pertinent part:

> Any person who knowingly sells, manufactures, delivers, or brings into this state or has possession of 28 grams or more of methamphetamine, amphetamine, or any mixture containing either methamphetamine or amphetamine, as described in Schedule II, in violation of this article commits the felony offense of trafficking in methamphetamine or amphetamine . . . .

GA. CODE ANN. § 16-13-31(e) (1999) (emphasis added).

Gutierrez argues that, because the statute may be violated by mere possession of methamphetamine, the district court erred in determining that his 1999 conviction constituted a "drug trafficking offense" under § 2L1.2(b)(1)(A)(i). He urges that the district court erred in determining that he admitted both selling and possessing the methamphetamine when he entered a guilty plea to the Georgia offense. However, we need not decide whether Gutierrez pleaded guilty to both selling and possessing, because a conviction for either selling or possessing 28 grams or more of methamphetamine under GA. CODE ANN. § 16-13-31(e) constitutes a "drug trafficking offense" under the Sentencing Guidelines.

Selling methamphetamine unquestionably constitutes the "distribution or dispensing of a controlled substance." § 2L1.2, cmt. n.1(B)(iv). Whether a conviction for possession under section 16-13-31(a) is a "drug trafficking offense"

within the meaning of the Guidelines is a closer question, but we are persuaded by the structure of Georgia's criminal statutes relating to drug possession and the Georgia courts' construction of those statutes that a conviction under section 16-13-31(a) is a drug trafficking offense.

In Basset v. Lemacks, 370 S.E.2d 146, 148 (Ga. 1988), the Georgia Supreme Court explained that the Georgia legislature has enacted a three-tiered scheme for punishing involvement with illegal drugs. The first tier punishes mere possession of any amount of a controlled substance with a mandatory term of imprisonment of two years and a maximum term of fifteen years. GA. CODE ANN. § 16-13-30(a), (c). The second tier punishes the manufacture, delivery, distribution, dispensing, administering, selling, or possession with intent to distribute any amount of a controlled substance, with a mandatory term of imprisonment of five years and a maximum of thirty years. GA. CODE ANN. § 16-13-30(b), (d). The third tier proscribes "trafficking," which includes possessing 28 grams or more of methamphetamine or amphetamine. GA. CODE ANN. § 16-13-31. This third tier "aims at a yet more serious offense," Basset, 370 S.E.2d at 148, and is punishable—in the case of possession of between 28 and 200 grams of methamphetamine—with a mandatory ten-year term of imprisonment and a fine of $200,000. GA. CODE ANN. § 16-13-31(e)(1).

This three-tiered structure reveals that while Georgia does not consider the mere possession of a relatively small amount of controlled substance to be "trafficking," the possession of a significant quantity of drugs is considered "trafficking" and is a more serious offense than either simple possession or possession with intent to distribute. The three-tiered structure also recognizes that someone who is in possession of a significant quantity (28 grams or more) of methamphetamine is deemed to have the intent to distribute it. See United States v. Madera-Madera, 333 F.3d 1228, 1232 (11th Cir. 2003). We agree with

the Eleventh Circuit that "[i]n making possession of 28 grams of methamphetamine a 'trafficking' offense, Georgia's trafficking statute necessarily infers an intent to distribute once a defendant possesses a certain amount of drugs." Id.

As noted, the definition of "drug trafficking offense" in § 2L1.2, cmt. n.1(B)(iv) includes "possession of a controlled substance (or a counterfeit substance) with the intent to . . . distribute . . . ." The Sentencing Guidelines do not define "drug trafficking offense" by the elements of the crime, but by the type of conduct prohibited by state law. See Madera-Madera, 333 F.3d at 1233. The state statute at issue need not have "intent to distribute" as a specific element of the crime, but must merely "prohibit" such conduct. Under federal law, intent to manufacture, distribute or dispense is an element of a drug trafficking offense. See 21 U.S.C. § 841(a). Such an intent may be inferred from possession of a large quantity of a controlled substance. See United States v. Gonzales, 121 F.3d 928, 936 (5th Cir. 1997). Under federal law, possession with the intent to manufacture, distribute, or dispense five grams or more (up to 50 grams) of methamphetamine results in a statutory minimum prison sentence of five years. 21 U.S.C. § 841(b)(1)(B)(viii). The Georgia legislature has determined that possession of 28 grams or more of methamphetamine is a drug trafficking offense, essentially declaring as a matter of law that the intent to "traffic" exists when possession of such an amount occurs. Because GA. CODE ANN. § 16-13-31 prohibits conduct that is equivalent to possession with an intent to distribute, the statute specifies a "drug trafficking offense" for purposes of the Sentencing Guidelines

We therefore agree with the Eleventh Circuit that "the federal definition of drug trafficking in the Guidelines is satisfied by [GA. CODE ANN. § 16-13-31,] which punishes possession of a significant, designated quantity of drugs."

Madera-Madera, 333 F.3d at 1233. The district court did not err in applying the 16-level sentencing enhancement.

## II

Gutierrez also contends that § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors, rather than as elements of the offense that must be found by a jury, is unconstitutional in light of Apprendi. This contention is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), in which the Supreme Court held that treatment of prior convictions as sentencing factors in § 1326(b)(1) and (2) was constitutional. Although Gutierrez asserts that a majority of the Supreme Court would now consider Almendarez-Torres to be incorrectly decided in light of Apprendi, "[t]his court has repeatedly rejected arguments like the one made by [Gutierrez] and has held that Almendarez-Torres remains binding despite Apprendi." United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir. 2005). Gutierrez concedes as much, raising this claim to preserve it for further review.

## III

The sentence imposed by the district court is AFFIRMED.