HIGGINSON, Circuit Judge,
dissenting:
Defendant Iveth Najera-Mendoza pleaded guilty to a two-count indictment charging her with attempting to reenter the United States unlawfully after removal, in violation of 8 U.S.C. § 1326, and knowingly personating another in immigration matters, in violation of 18 U.S.C. § 1546. At sentencing, the district court enhanced Najera-Mendoza’s offense level by sixteen levels based on its conclusion that NajeraMendoza’s prior Oklahoma conviction for kidnapping was a conviction for a crime of violence within the meaning of section 2L1.2(b)(l)(A)(ii) of the United States Sentencing Guidelines.[1] Najera-Mendoza challenges that conclusion, which we review de novo. See United States v. Cervantes-Blanco, 504 F.3d 576, 578 (5th Cir.2007). For the reasons that follow, I would affirm Najera-Mendoza’s sentence.
For violations of 8 U.S.C. § 1326, section 2L 1.2(b)(1)(A)(ii) of the Sentencing Guidelines provides for a sixteen-level increase to a defendant’s base offense level when the defendant was previously deported following a conviction for a felony that is a crime of violence. The Sentencing Guidelines commentary, in turn, defines a crime of violence as (1) any offense in a list of enumerated offenses, which includes “kidnapping,” or (2) “any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.” U.S.S.G. § 2L1.2 cmt. n. l(B)(iii).[2] We use “different tests when analyzing whether a particular offense amounts to a [crime of violence], and the test used depends on whether the offense is an enumerated one or has physical force as an element.” United States v. Moreno-Florean, 542 F.3d 445, 449 (5th Cir.2008) (citing United States v. Mendoza-Sanchez, 456 F.3d 479, 481-82 (5th Cir.2006)).
“In determining whether the [state] crime at issue here is the enumerated *636 offense of ‘kidnapping,’ we look to the ‘generic, contemporary’ meaning of kidnapping, employing a ‘common sense approach’ that looks to the Model Penal Code, the LaFave and Scott treatises, modern state codes, and dictionary definitions.” United States v. Iniguez-Barba, 485 F.3d 790, 791 (5th Cir.2007) (internal citations omitted). “When comparing the state conviction with the generic, contemporary meaning of the crime, we examine the elements of the statute of conviction rather than the specifics of the defendant’s conduct. We look only to the particular subdivision of the statute under which the defendant was convicted.” United States v. Fierro-Reyna, 466 F.3d 324, 327 (5th Cir.2006) (citing United States v. Fernandez-Cusco, 447 F.3d 382, 385 (5th Cir.2006)).[3]
“In determining whether an offense has as an element the use, attempted use, or threatened use of physical force against the person of another, this court uses the categorical approach set forth in Taylor v. United States, 495 U.S. 575, 600-02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), and examines the elements of the offense, rather than the facts underlying the conviction.” Mendoza-Sanchez, 456 F.3d at 482.
Importantly in this case, when considering whether an offense is an enumerated one or has physical force as an element, if the statute of conviction contains a series of disjunctive elements, this court may look beyond the statute to certain records made or used in adjudicating guilt to determine which subpart of the statute formed the basis of the conviction. United States v. Mungia-Portillo, 484 F.3d 813, 815 (5th Cir.2007). In this case, the parties agree that Najera-Mendoza’s kidnapping conviction occurred pursuant to Oklahoma Statute title 21, section 741, which defines kidnapping disjunctively as:
Any person who, without lawful authority, forcibly seizes and confines another, or inveigles or kidnaps another, with intent, either:
First. To cause such other person to be confined or imprisoned in this state against the will of the other person; or Second. To cause such other person to be sent out of this state against the will of the other person; or
Third. To cause such person to be sold as a slave, or in any way held to service against the will of such person ....
21 OKLA. Stat. Ann. § 741. Since the statute contains several disjunctive elements, we look to the charging document to see which subpart formed the basis of the conviction in order to classify it as a crime of violence. See Mungia-Portillo, 484 F.3d at 815.
On November 18, 2008, Oklahoma filed a Second Amended Information charging Najera-Mendoza with kidnapping, “on or about the 4th day of May, 2008, by forcibly seizing R.G. from the City of Oklahoma City, Oklahoma County, Oklahoma, and confining R.G. in a residence located at 310 E. 5th Street, City of Hennessey, Kingfisher County, Oklahoma, without lawful authority and with the intent to cause R.G. to be confined/imprisoned against his will
*637 On April 16, 2009, Najera-Mendoza pleaded guilty to violating 21 Okla. Stat. Ann. § 741. In Oklahoma, “[a] plea of guilty admits the facts pleaded in the Information.” Collins v. Oklahoma, 521 P.2d 826, 828 (Okla.Crim.App.1974). Accordingly, through reference to the charging document and the subsequent guilty plea, the statute of conviction can be narrowed to: “Any person who, without lawful authority, forcibly seizes and confines another ... with intent ... [t]o cause such other person to be confined or imprisoned against the will of the other person .... ”
We have not previously addressed whether a kidnapping offense that explicitly requires not only a showing of forcible seizure and forcible confinement, but also a state of mind to confine the kidnapped person against that victim’s will, satisfies the “use of physical force” element for § 2L1.2(b)(l)(A)(ii) crime of violence enhancement purposes.[4] A review of Oklahoma caselaw provides no decisive guidance as to whether forcibly seizing and confining, with intent to confine against the victim’s will, necessarily equates to physical force, yet our court, applying Supreme Court law, has made clear that physical force in this context means “violent force-that is, force capable of causing physical pain or injury to another person.” See United States v. Flores-Gallo, 625 F.3d 819, 823 (5th Cir.2010) (‘“physical force’ in the context of defining a ‘crime of violence’ for purposes of construing the Sentencing Guidelines requires ‘force capable of causing physical pain or injury to another person.’”) (quoting Johnson v. United States, — U.S. -, 130 S.Ct. 1265, 1271, 176 L.Ed.2d 1 (2010)).
Needless to say, every forcible seizure and forcible confinement kidnapping prosecution reported in Oklahoma caselaw involves physical force, indeed, force that is physical, force that is more than minimal, and force that is capable of pain and injury, hence violent under any conception of violence. Tragically, too many involve rape and murder. Perhaps more instructively, no forcible seizure and forcible confinement kidnapping prosecution reported in Oklahoma caselaw involves force that is a mere slight touch-and-take, say of an infant too young to understand its circumstance, which some might conceive to be incapable of causing pain or injury. Perhaps because of this reason — the incongruity of declaring forcible confinement non-forceful — the Sixth Circuit recently held that Michigan’s nearly identical kidnapping statute has as an element of the offense “the use, attempted use, or threatened use of physical force against another.” In United States v. Soto-Sanchez, 623 F.3d 317 (6th Cir.2010), the court was presented with an older version of Michigan’s kidnapping statute, which criminalized “forcibly confining or imprisoning any other person *638 within the state against his will[,]” if done wilfully, maliciously, and without lawful authority. Id. at 323-24 (citing People v. Wesley, 421 Mich. 375, 365 N.W.2d 692, 694-95 (1984) and People v. Jaffray, 445 Mich. 287, 519 N.W.2d 108, 113 (1994)). The Sixth Circuit recognized that the Michigan and Oklahoma kidnapping statutes, unlike many other states’ kidnapping statutes, permit the forcible confinement of the victim without any other aggravating factors to be sufficient for a charge of kidnapping. Id. at 323-24. Nevertheless, the Sixth Circuit concluded:
The false imprisonment kidnapping offense under § 750.349, however, requires that the victim be imprisoned or confined “forcibly.” By its clear terms, then, it “has as an element the use, attempted use, or threatened use of physical force against the person of another.” See U.S.S.G. § 2L1.2 cmt. n. l(B)(iii). In this way, it still qualifies as a crime of violence subjecting [the defendant] to a sixteen-level enhancement to his offense level under the residual clause to the definition of “crime of violence” in § 2L1.2. See id.
Id. at 325 (footnote omitted).
I find this conclusion strong and forcible and applicable to Najera-Mendoza’s sentencing and specifically her prior kidnapping conviction as limited to the Section § 741’s forcible seizure and confinement subdivision, coupled with an intent to confine against the victim’s will. I think this conclusion is reinforced by the fact that Oklahoma separately criminalizes kidnapping, yet without a forcible seizure and confinement requirement, if the kidnapping occurs through inveigling. Oklahoma’s criminal pattern jury instructions and caselaw explain that kidnapping through inveiglement comprehends takings of others through trickery, inclusive of minimal physical force seizures of other people. Oklahoma Uniform Jury Instructions — Criminal § 4-110 (2010), Committee Comments (citing Ratcliff v. State, 289 P.2d 152 (Okla.Crim.App.1955) (12-year-old girl enticed into a car and held there by a man whom she thought to be a friend)). Najera-Mendoza’s guilty plea to kidnapping, again, we properly must discern, was to Oklahoma’s subdivision which requires a forcible seizure and confinement, coupled with the intent to confine against a victim’s will. Accordingly, I would hold that the district court did not err in determining that Najera-Mendoza’s prior conviction for kidnapping was a crime of violence for purposes of sentence enhancement pursuant to U.S.S.G. § 2L 1.2(b)(1) (A) (ii).[5]

. "If the defendant previously was deported, or unlawfully remained in the United States, after ... a conviction for a felony that is ... a crime of violence ... increase by 16 levels if the conviction receives criminal history points under Chapter Four ....” U.S.S.G. § 2L1.2(b)(l)(A)(ii).

. The commentary to § 2L1.2 is binding and is equivalent in force to the Guidelines language itself, as long as the language and the commentary are not inconsistent. United States v. Rayo-Valdez, 302 F.3d 314, 318 n. 5 (5th Cir.2002) (internal citations omitted).

. Under current law, state-law designations do not control this inquiry because “[t]he crime-of-violence enhancement incorporates crimes with certain elements, not crimes that happen to be labeled ‘kidnapping’ ... under state law.” United States v. Gonzalez-Ramirez, 477 F.3d 310, 313 (5th Cir.2007). " 'When the statute of conviction encompasses prohibited behavior that is not within the plain, ordinary meaning of the enumerated offense,’ the conviction is not a crime of violence as a matter of law.” Fierro-Reyna, 466 F.3d at 327 (quoting United States v. Izaguirre-Flores, 405 F.3d 270, 276-77 (5th Cir. 2005)).

. In United States v. Moreno-Florean, 542 F.3d 445 (5th Cir.2008), we considered a kidnapping statute from California that also contained the word "forcibly." Id. at 449-50. Precisely because we were unable to narrow the statute of conviction through reference to the guilty plea and the abstract of judgment to one involving force, we were required to consider “whether the least culpable act constituting a violation of that statute constitutes ‘kidnapping’ for the purposes of U.S.S.G. § 2L1.2." Id. at 452 (quoting Gonzalez-Ramirez, 477 F.3d at 315-316). Because kidnapping pursuant to Cal.Penal Code § 207(a), with all its disjunctive elements, could be accomplished without committing the offense "forcibly," we held that the defendant’s conviction did not satisfy the "use of physical force” element of U.S.S.G. § 2L1.2 under the categorical approach. Id. Opposite to Moreno-Florean, however, through reference to the charging document and the subsequent guilty plea, we are able to narrow Najera Mendoza’s statute of conviction to a forcible seizure and confinement, with intent to confine against the victim’s will, as distinct from kidnapping through inveiglement.

. Because I conclude that Najera-Mendoza’s kidnapping conviction has "as an element, the use, attempted use, or threatened use of physical force against the person of another,” as is required by the catch-all prong of the crime of violence definition, I do not reach whether the conviction matches Section 2L1.2’s enumerated offense of kidnapping. To be sure, Oklahoma's kidnapping statute comprehends less variability even than federal kidnapping under 18 U.S.C. § 1201(a), but state kidnapping convictions bedevil sure analysis about when kidnapping is kidnapping under the enumerated crime of kidnapping as shown by the complexity of outcomes described in Moreno-Florean. 542 F.3d at 452-56.